| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

March 30, 2018

MEMORANDUM TO COUNSEL RE:    Alain Abdo, et al. v. Rex W. Tillerson, et al.
Civil Action No. GLR-17-1053

Dear Counsel:

Pending before the Court are Defendants Rex W. Tillerson, Marcia Pryce, Elaine Duke,[1] James McCament, Kathy A. Baran, and Jefferson B. Sessions, III's Motion to Dismiss (ECF No. 10). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant the Motion.

On June 9, 2010, Plaintiff Alain Abdo, M.D. entered the United States as a nonimmigrant alien exchange visitor under a J-1 visa under 8 U.S.C. § 1101(a)(15)(J) (2018). (Compl. ¶ 25, ECF No. 1).[2] Dr. Abdo came to the United States to participate in a residency program in general surgery sponsored by the Educational Commission for Foreign Medical Graduates. (Id. ¶¶ 21, 25, 26). Twelve days later, Plaintiff Maha Akiki entered the United States under a J-2 nonimmigrant exchange visitor visa as a result of Dr. Abdo's J-1 visa. (Id. ¶ 85). Dr. Abdo and Akiki got married in 2012. (Id. ¶¶ 28). They had a daughter, M.A., in 2013 and a son, Plaintiff J.A., in 2015; both were born in the United States. (Id. ¶¶ 29, 30).

8 U.S.C. § 1182(e) (2018) provides that after finishing his training, the alien exchange student must return to his home country for at least two years. Nonetheless, § 1182(e) permits waivers of the two-year foreign residency requirement under certain limited circumstances. Of import here, § 1182(e) permits waivers "upon the favorable recommendation" of the United States Department of State, pursuant to the request of the Director of the relevant service center of the United States Citizenship and Immigration Services ("USCIS"). § 1182(e). The Director makes a request if she determines that leaving the United States would "impose exceptional hardship upon the alien's spouse or child" if either is an American citizen. Id.

On April 4, 2016, Dr. Abdo submitted an application to USCIS for an exceptional hardship waiver of the two-year foreign residency requirement. (Compl. ¶ 41). In his application, Dr. Abdo asserted that returning to Lebanon, his home country, for two years would cause an exceptional hardship for his two children, who were American citizens. (Id. ¶¶ 43–45). The Department of

---

[1] Under Federal Rule of Civil Procedure 25(d), Duke automatically substituted for John F. Kelly when she became Acting Secretary of the Department of Homeland Security on July 31, 2017.

[2] Unless otherwise noted, the Court takes the following facts from Dr. Abdo's Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

State, in a letter sent to USCIS on February 27, 2017, recommended that USCIS deny the application because "[t]here's a need for trained medical professionals in General Surgery" in Lebanon "as evidenced by the Letter of Need" from its government. (Mot. Dismiss Ex. B, ECF No. 10-3). Accordingly, USCIS denied Dr. Abdo's application. (See Compl. ¶ 102).

Plaintiffs filed the present action on April 17, 2017. (ECF No. 1). In their nine-count Complaint, they bring claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 et seq. (2018) (Counts I–II); the Due Process Clause of the Fourteenth Amendment to the United States Constitution (Counts III–V); Failure to Follow More Relaxed Adjudication Standard Intended by Congress (Count VI); Failure to Provide Reasoned Analysis Describing a Marked Change in Policy in the Adjudication of ECFMG-Sponsored I-612 Hardship Waiver Cases (Count VII); Violation of Treaty (Count VIII); and Declaratory Judgment (Count IX). (Compl. ¶¶ 101–160). Plaintiffs seek declaratory judgments, injunctive relief, and attorneys' fees and costs. (Id. at 31–32).

Defendants now move to dismiss each claim for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 10). Plaintiffs filed an Opposition on September 7, 2017. (ECF No. 11). Defendants filed a Reply on October 2, 2017. (ECF No. 14).

Rule 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. Defendants challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Chambliss v. Carefirst, Inc, 189 F.Supp.3d 564, 568 (D.Md. 2016) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)).

When, as here, defendants raise a facial challenge, the court affords the plaintiff the "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Plaintiffs seek judicial review under the APA of Defendants' decision to deny Dr. Abdo's exceptional hardship waiver application. The APA provides standing for review for any party that is "adversely affected or aggrieved by agency action within the meaning of the relevant statute." 5 U.S.C. § 702 (2018). Such review is nevertheless subject to several limitations, including decisions "committed to agency discretion by law." § 701(a)(2). Section 702(a)(2) bars review if courts "'would have no meaningful standard against which to judge the agency's exercise of discretion' because the statute has 'committed the decisionmaking to the agency's judgment absolutely.'" Int'l Refugee Assistance Project v. Trump, 883 F.3d 233, 286–87 (4th Cir.), as amended, (Feb. 28, 2018) (quoting Heckler v. Chaney, 470 U.S. 821, 830 (1985)).

2

Here, Defendants argue that § 702(a)(2) forecloses judicial review of Defendants' decision to deny Dr. Abdo's exceptional hardship waiver application. The Court agrees.

Neither the District of Maryland, nor the Fourth Circuit, have spoken on whether § 702(a)(2) bars judicial review of a decision to deny an exceptional hardship waiver. Still, of the six circuit courts that have expressly decided the issue, five held that it does. Compare Korvah v. Brown, 66 F.3d 809, 812 (6th Cir. 1995) (holding that a district court lacks subject-matter jurisdiction to review a decision not to recommend an exceptional hardship waiver); Singh v. Moyer, 867 F.2d 1035, 1039 (7th Cir. 1989) (same); Slyper v. Att'y Gen., 827 F.2d 821, 824 (D.C. Cir. 1987) (same); Dina v. Att'y Gen. of U.S., 793 F.2d 473, 476 (2d Cir. 1986) (same); Abdelhamid v. Ilchert, 774 F.2d 1447, 1450-51 (9th Cir. 1985) (same), with Chong v. Dir., U.S. Info. Agency, 821 F.2d 171, 176 (3d Cir. 1987) (holding that denial of an exceptional hardship waiver is subject to judicial review only for abuse of discretion of agency guidelines).

The Court is persuaded by the majority rule. Thus, the Court concludes that Defendants' decision to deny Dr. Abdo's exceptional hardship waiver application is not subject to judicial review because under § 702(a)(2), there is no "no meaningful standard against which to judge" Defendants' decision to deny the application. Int'l Refugee Assistance Project, 883 F.3d at 286–87. Accordingly, the Court will grant the Motion.

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 10) is GRANTED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and CLOSE this case.

Very truly yours,

/s/
George L. Russell, III
United States District Judge